UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON

| | |
|---|---|
| SAMUEL HARRIS, DANIEL DAVIS, DATHON PIERCE, AND GARRETT KELLY;<br><br>    Plaintiffs,<br><br>v.<br><br>ARYZTA, LLC,<br><br>    Defendant. | CIVIL ACTION NO. 1:20-cv-565<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT**

Plaintiffs Samuel Harris, Daniel Davis, Dathon Pierce, and Garrett Kelly ("Plaintiffs"), by and through their attorneys, bring this action for damages and other legal and equitable relief against Defendant, Aryzta, LLC ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 *et seq.* ("Section 1981"), the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

**INTRODUCTION**

1. Plaintiffs are all Black former employees of the Austin, Texas bakery facility at which Defendant, a multi-national baking company, made Otis Spunkmeyer cookies and other baked good products.

2. During their employment, Defendant discriminated against Plaintiffs based on their race by regularly disciplining Black employees more harshly than White or Hispanic employees, by applying explicitly discriminatory policies that afforded Black workers less break time than White or Hispanic employees, and by otherwise discriminating against and harassing Black

**ORIGINAL COMPLAINT**

employees to such a degree that employment in Defendant's racially hostile work environment was severe, pervasive, and/or intolerable.

3.      Each Plaintiff was the victim of the same discriminatory policies of Defendant, and each suffered to such an extent that none are currently employed by Defendant. Indeed, the environment was so severely hostile and expressly discriminatory toward Plaintiffs and other Black employees that the Black workforce at Defendant's Austin facility dropped by more than half during the period that Plaintiffs were employed, as Black employees were either constructively discharged or terminated for alleged violations of company policy that were routinely tolerated from Hispanic and White Employees.

4.      Defendant's conduct discriminated against Plaintiffs on the basis of their race and interfered with the terms and conditions of their employment. Plaintiffs seek redress for these wrongs under the civil rights laws of the United States and Texas.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. § 2000e *et seq*., as amended, and (iii) 42 U.S.C. § 1981 *et seq*., as amended.

6.      This Court has supplemental jurisdiction over Plaintiffs' Texas-law claims under 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ORIGINAL COMPLAINT**

7.      Venue is proper in this Court because the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business and resides in this District.

## PARTIES

8.      Plaintiff Harris is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a resident of Travis County, Texas, and a Black citizen of the United States of America.

9.      Plaintiff Davis is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a resident of Travis County, Texas, and a Black citizen of the United States of America.

10.     Plaintiff Pierce is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a resident of Travis County, Texas, and a Black citizen of the United States of America.

11.     Plaintiff Kelly is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a resident of Travis County, Texas, and a Black citizen of the United States of America.

12.     At all relevant times, Plaintiffs were Defendant's employees and therefore covered by Title VII, § 1981, and the TLC.

13.     Defendant is located at 14490 Catalina Street, San Leandro, California in Alameda County. Plaintiffs were employed by Defendant at 6301-7 East Stassney Lane, Austin, Texas in Travis County. Upon information and belief, Defendant employs over five hundred (500) persons.

14.     During all relevant times, Defendant has been an employer covered by Title VII, § 1981, and the TLC.

**ORIGINAL COMPLAINT**

15. Defendant transacted business in Texas by, among other things, employing persons at its facility located within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

16. Plaintiff Davis, who alleges claims under Title VII, has timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

17. Plaintiff Davis received his Notice of Right to Sue letter from the EEOC prior to the filing of this Complaint on or around February 27, 2020.

## STATEMENT OF FACTS

18. Plaintiffs are all African-American and were employed at the Aryzta location in Austin, Texas.

19. Throughout their employment, Plaintiffs experienced racially discriminatory treatment from Hispanic supervisors who disproportionately gave disciplinary write-ups to Black employees.

20. Hispanic employees also received thirty-minute breaks for lunch, while Black employees only received fifteen-minute breaks for lunch.

21. Plaintiffs also experienced or witnessed Black employees receiving terminations or suspensions with far fewer disciplinary write-ups than other Hispanic employees.

### Samuel Harris

22. Plaintiff Harris worked as a supervisor for Defendant from 2015 until he was subjected to a discriminatory termination in May 2018. Throughout his employment, Plaintiff Harris: (1) was subjected to racial discrimination from his Hispanic manager; (2) witnessed Black employees being discriminated against by Defendant's disciplinary procedures; and (3)

**ORIGINAL COMPLAINT**

complained about the racially discriminatory practices at Defendant's Austin facility but was ignored and ultimately terminated in retaliation for these complaints.

23. When Plaintiff Harris began his employment in 2015, there were approximately seven (7) African-American employees at their location. However, when he became a supervisor in 2017, there were only three (3) African-American employees remaining.

24. Plaintiff Harris's manager, Juan Garcia, routinely treated him less well than similarly situated non-Black employees. For example, Mr. Harris was diagnosed with a medical condition in February 2018 and was placed on bedrest by his doctor. Mr. Garcia gave Plaintiff Harris disciplinary write-ups for being on bedrest, even though Hispanic and White employees did not receive write-ups for taking leave for medical conditions.

25. As a supervisor, Plaintiff Harris gave disciplinary write-ups to both Black and Hispanic employees. Mr. Garcia had authority to take punitive measures in response to disciplinary write-ups generated by Plaintiff Harris. However, Mr. Garcia ignored write-ups Plaintiff Harris gave to Hispanic employees and only took punitive measures with Black employees.

26. Additionally, write-ups Plaintiff Harris gave to Hispanic employees were "lost" or misplaced and never received by Human Resources. By contrast, Mr. Garcia immediately signed write-ups that Plaintiff Harris gave to Black employees.

27. Part of Plaintiff Harris's job duties entailed following up on employee files to check how many write-ups employees had received and assign disciplinary points accordingly. Employees were supposed to be terminated once they accumulated seven (7) disciplinary points. Upon information and belief, Hispanic employees often received more than seven (7) disciplinary points but were not terminated, while this policy was strictly enforced against Black employees.

28. On or around May 13, 2018, Plaintiff Harris was terminated in retaliation for

complaining to the plant manager about racial discrimination and a hostile work environment. Shortly after Plaintiff Harris complained to the plant manager, Mr. Garcia terminated Plaintiff Harris. Upon information and belief, Plaintiff Harris was replaced by a White employee.

### Daniel Davis

29. Plaintiff Davis was employed by Defendant as a Production Supervisor from in or around October 2017 until his termination in March 2019.

30. Throughout his employment Plaintiff Davis was given write-ups by Defendant's Human Resources employee Lenoir Hernandez ("Ms. Hernandez") that were not appropriate under company policy. Plaintiff Davis repeatedly provided Ms. Hernandez company policies to prove that he should not be written up. However, Ms. Hernandez continued to subject him to unwarranted write-ups because of his race.

31. Ms. Hernandez also made several racist remarks against Black employees. On one occasion, Ms. Hernandez yelled at Aline Nyaruhogazi, a Black employee with an African accent, "I don't speak that fu-fu language. You need to speak English to me." Several employees reported Ms. Hernandez's comment. Upon information and belief, no remedial actions were taken.

32. Plaintiff Davis often heard Hispanic employees say derogatory words in Spanish, such as "pendejo" (Spanish for "stupid" or "dumbass") around African-American employees and then laugh.

33. On another occasion, Plaintiff Davis and Ms. Hernandez were discussing a Black job candidate Ms. Hernandez had just interviewed. During this conversation, Ms. Hernandez questioned the Black candidate's hair and told Plaintiff Davis, "You're Black. Tell me how this works with your hair because I don't know. You're Black though, so you should know."

34. In or around March 2019, Plaintiff Davis was subjected to a discriminatory

disciplinary action for returning a few minutes late from a scheduled break, which non-Black employees had also done and not received disciplinary action. Plaintiff Davis received a suspension.

35. Subsequent to this action, in or around March 2019, Plaintiff Davis was constructively discharged due to the racial discrimination and hostile work environment he experienced.

### Dathon Pierce

36. Plaintiff Pierce worked for Defendant from in or around October 2017 until he was terminated in March 2018. Throughout his employment, Plaintiff Pierce was disproportionately targeted by Mr. Garcia with disciplinary write-ups because of his race.

37. For example, Mr. Garcia gave Plaintiff Pierce disciplinary write-ups for being one minute late, but did not give write-ups to Hispanic employees when they arrived much later or did not show up to work.

38. Additionally, when some of Plaintiff Pierce's work materials went missing he received a write-up and was not given replacement work materials to perform his job duties. However, when Hispanic employees lost their work materials they did not receive disciplinary write-ups and they promptly received replacement work materials.

39. Plaintiff Pierce was terminated after having accumulated seven (7) points from unwarranted disciplinary write-ups. However, several Hispanic employees with over twenty (20) disciplinary points were not terminated. Upon information and belief, Plaintiff Pierce was replaced by a Hispanic employee.

### Garrett Kelly

40. Plaintiff Kelly worked as a Hygiene Technician for Defendant from 2017 until May

2019. Throughout his employment, Plaintiff Kelly was disproportionately targeted with write-ups because of his race.

41. For example, Plaintiff Kelly received a write-up for being in the restroom when not feeling well. He was then told he would need a doctor's note to return to work.

42. In addition, non-Black employees were allowed to sleep in their cars during breaks. However, Plaintiff Kelly and other African-American employees received disciplinary write-ups for sleeping in their cars on breaks, even when they returned from break on time and even while Hispanic employees did not receive write-ups.

43. In or around May 2019, Plaintiff Kelly was constructively discharged due to the racial discrimination and hostile work environment he experienced.

**AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF**
**Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.***
**(Discrimination as to all Plaintiffs)**

44. Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

45. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*, as Defendant has engaged the practice of discrimination with respect to the terms and conditions of Plaintiffs' employment.

46. Plaintiffs' requests for relief are set forth below.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.***
**(Hostile Work Environment as to all Plaintiffs)**

47. Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

48. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866,

42 U.S.C. §§ 1981 *et seq.*, as Plaintiffs were subjected to a hostile work environment on the basis of their race and color.

49. Plaintiffs' requests for relief are set forth below.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.***
**(Retaliation as to all Plaintiffs)**

50. Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

51. Plaintiffs lodged complaints with Defendant regarding the discrimination and hostile work environment to which they were subjected, and as such, engaged in protected activity.

52. Defendant retaliated against Plaintiffs by, among other things, subjecting them to unwarranted discipline and retaliatory terminations.

53. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq*.

54. Plaintiffs' requests for relief are set forth below.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Discrimination as to Plaintiff Davis)**

55. Plaintiff Davis is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

56. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant has engaged the practice of discrimination with respect to the terms and conditions of Plaintiff Davis' employment.

57. Plaintiff Davis' requests for relief are set forth below.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***

**(Hostile Work Environment as to Plaintiff Davis)**

58. Plaintiff Davis is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

59. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff Davis was subjected to a hostile work environment on the basis of his race and color.

60. Plaintiff Davis's requests for relief are set forth below.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Retaliation as to Plaintiff Davis)**

61. Plaintiff Davis is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

62. Plaintiff Davis lodged complaints with Defendant regarding the discrimination and hostile work environment to which he was subjected, and as such, engaged in protected activity under Title VII.

63. Defendant retaliated against Plaintiff Davis by, among other things, subjecting him to unwarranted discipline and a retaliatory termination.

64. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

65. Plaintiff Davis's requests for relief are set forth below.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Discrimination as to Plaintiff Davis)**

66. Plaintiff Davis is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

67. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has engaged the practice of discrimination with respect to the terms and conditions of Plaintiff Davis' employment.

68. Plaintiff Davis' requests for relief are set forth below.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
(Hostile Work Environment as to Plaintiff Davis)**

69. Plaintiff Davis is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

70. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Plaintiff Davis was subjected to a hostile work environment on the basis of his race and color.

71. Plaintiff Davis' requests for relief are set forth below.

### AS AND FOR AN NINTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
(Retaliation as to Plaintiff Davis)**

72. Plaintiff Davis is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

73. Plaintiff Davis lodged complaints with Defendant regarding the discrimination and hostile work environment to which he was subjected, and as such, engaged in protected activity.

74. Defendant retaliated against Plaintiff Davis by, among other things, subjecting him to unwarranted discipline and a retaliatory termination.

75. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

76. Plaintiff Davis' requests for relief are set forth below.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 et seq.; the 1991 Civil Rights Act, as amended, 42 U.S.C. § 1981a et seq.; Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e et seq.; and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*;

B. All damages which Plaintiffs have sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiffs the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Plaintiffs also seek injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendant's

employees;

I. Implicit bias training for all managers conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

K. Active monitoring of the work areas to ensure compliance with discrimination policies; and

L. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief.

Plaintiffs further demand that they be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: May 27, 2020                                Respectfully submitted,

_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Holt Lackey
Texas State Bar No. 24047763
hlackey@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas  78731
Telephone: (737) 808-2260
Facsimile:  (737) 808-2262

**COUNSEL FOR PLAINTIFF**

**ORIGINAL COMPLAINT**